IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JIMMY RUCKER, Individually and d/b/a/ J.R.'s Pool Room           Plaintiff, vs. CITY OF LAVONIA, GEORGIA, a Georgia Municipal Corporation           Defendant | * * * * * * * |

CASE NO. 3:04-CV-75 (CDL)

O R D E R

The Court presently has pending before it Defendant's Motion for Judgment on the Pleadings.  As discussed below, Defendant's motion is denied.

FACTUAL BACKGROUND

Plaintiff resides in Lavonia, Georgia.  He has owned and operated a business called J.R.'s Pool Room in Lavonia, Georgia, since November 2002.  Under Lavonia's Occupation Tax Ordinance ("O.T.O." or "ordinance"), each business or person doing business within the city is required to obtain a business registration, also called an occupational license, each year.  O.T.O. § 5.04.010 (Ex. B to Complaint).  The ordinance provides that anyone operating a business in Lavonia without an appropriate business registration is subject to civil and criminal penalties, including a fine or imprisonment or both.  *See* O.T.O. §§ 5.04.110, .160, .180, .190.  The key prerequisite for obtaining a business registration is payment of the occupation tax.  *See* O.T.O. § 5.04.110.  In some instances, a business must show

that it meets certain regulatory requirements, e.g. health permits and bonds, in order to receive the registration. O.T.O. § 5.04.150. In addition, a registration may be suspended, revoked, or denied if the business furnished false, misleading, or incomplete information regarding the business subject to the business registration requirement. O.T.O. § 5.04.285.

Plaintiff obtained a business registration to operate J.R.'s Pool Room in 2002 and 2003. On February 2, 2004, however, the Lavonia City Council voted to deny Plaintiff's business registration for 2004. Plaintiff avers that he had no notice of the Lavonia City Council's intention to consider denial of his registration. It is unclear from the pleadings what basis the City Council had for its decision. Defendant admits that the City Council voted to deny Plaintiff's business registration but denies that it provided no notice of the City Council's intention to consider denial of the registration.

Plaintiff ceased operating J.R.'s Pool Room on February 2, 2004. Plaintiff would violate the ordinance if he operated J.R.'s Pool Room without the required business license. *See* O.T.O. §§ 5.04.110, .160; *see also* O.T.O. §§ 5.04.170, .260. Plaintiff claims that the ordinance is unconstitutional as applied to him and seeks a declaration to that effect. Defendant argues that the Tax Injunction Act, 28 U.S.C.A. § 1341, applies to bar Plaintiff's suit in this Court or any federal district court. Defendant has moved for judgment on the pleadings on this basis.

JUDGMENT ON THE PLEADINGS STANDARD

Judgment on the pleadings is appropriate only "where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1291 (11th Cir. 2002) (quoting *Cannon v. City of West Palm Beach,* 250 F.3d 1299, 1301 (11th Cir.2001)).  A judgment on the pleadings motion should not be granted unless the non-movant "can prove no set of facts" that would allow it to prevail. *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002).  In deciding whether to grant judgment on the pleadings, the court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Id.* (citing *Ortega v. Christian*, 85 F.3d 1521, 1524-25 (11th Cir. 1996)).

DISCUSSION

Under the Tax Injunction Act, 28 U.S.C.A. § 1341, federal district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  The Tax Injunction Act bars exercise of federal jurisdiction only if two conditions are met:  "(1) the relief requested by the plaintiff will 'enjoin, suspend, or restrain' a state tax assessment and (2) the state affords the plaintiff a 'plain, speedy and efficient remedy.'" *Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1255 (11th Cir. 2003) (citations omitted).  The statute "embodies the general principle that the jurisdiction of the federal courts to 'interfere with so important a local concern as the collection of taxes' must be

3

drastically limited." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1242 (11th Cir. 1991) (quoting *Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 522 (1981)). However, the Supreme Court has noted, in the context of a third-party challenge to tax benefits, that it has "interpreted and applied the TIA only in cases . . . in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes." *Hibbs v. Winn*, 542 U.S. 88, 124 S. Ct. 2276, 2289 (2004). Defendant argues that the TIA applies to prevent the Court from exercising jurisdiction in this case because Plaintiff seeks a declaration that the Lavonia ordinance is unconstitutional and an injunction prohibiting Defendant from enforcing the ordinance.

If Plaintiff were challenging *assessment, levy or collection* of the occupation tax, Defendant's argument would prevail. *See Amos*, 347 F.3d at 1255 (statute barred taxpayers' challenge to county system for assessing property taxes); *see also Wells v. Malloy*, 510 F.2d 74, 77 (2d Cir. 1975) (noting that in enacting the TIA, "Congress was thinking of cases where taxpayers were repeatedly using the federal courts to raise questions of state or federal law going to the validity of the particular taxes imposed upon them"); *cf. Hibbs*, 542 U.S. 88, 124 S. Ct. at 2289 (refusing to apply TIA in suit where plaintiffs did not contest their tax liability or seek to impede the state's receipt of tax revenues but made a constitutional challenge to tax benefits). However, the crux of Plaintiff's Complaint is *not* that Defendant is placing an unconstitutional tax upon his business. Plaintiff does not contend in his Complaint that Defendant may not assess, levy, or collect a tax from him as a prerequisite for his

4

business registration.  His Complaint does not challenge the tax-collection efforts of the City of Lavonia.  He is not seeking a federal court order to enable him to avoid paying taxes.  Rather, he complains that certain provisions in the Lavonia ordinance prevent him from operating his business without a valid registration and that he has no valid registration because of the City Council's unconstitutional denial.  Plaintiff claims that the City Council voted to deny his business license without providing him with notice and an opportunity to be heard.  An order from this Court granting Plaintiff relief would not 'enjoin, suspend, or restrain' the City of Lavonia's tax assessment because it would not absolve Plaintiff of his obligation to pay the occupation tax required to obtain a business registration.

Accepting the facts alleged in Plaintiff's Complaint as true and viewing them in the light most favorable to Plaintiff, the Court finds that the Tax Injunction Act does not prohibit jurisdiction in this case.  Accordingly, Defendant's Motion for Judgment on the Pleadings is denied.

IT IS SO ORDERED, this 7th day of June, 2005.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE